IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE BAUER,<br><br>             Plaintiff,<br><br>       vs.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation, and<br>COX ENTERPRISES, INC. WELFARE BENEFITS PLAN,<br><br>             Defendants. | 8:14CV324<br><br>ORDER |

This matter is before the court on the defendants', Aetna Life Insurance Company, and Cox Enterprises, Inc. Welfare Benefits Plan, Motion for Protective Order (Filing No. 26). The defendants filed a brief (Filing No. 27) and index of evidence (Filing No. 28) in support of the motion. Also before the court, and in response to the defendants' motion, is the plaintiff's, Michelle Bauer, Motion for Enlargement of Time (Filing No. 29). The parties subsequently filed briefs (Filing Nos. 30, 32, and 33) and evidence (Filing No. 31) in support of and opposition to the respective motions.

## BACKGROUND

This action pertains to the plaintiff's attempt to obtain long-term disability benefits under the Employee Retirement Security Act (ERISA) based on the terms of the Cox Enterprises, Inc. Welfare Benefits Plan (the Plan). **See** Filing No. 1 - Complaint. The plaintiff filed her complaint on October 23, 2014. *Id.* On March 11, 2015, the parties filed their Fed. R. Civ. P. 26(f) Report. **See** Filing No. 15 - 26(f) Report. Under the section titled "Discovery" the plaintiff noted she anticipated "the need for limited discovery related to her claims involving procedural irregularities and bias in Defendant's determination of her claim." *Id.* ¶ IV(E). The defendants stated "all discovery shall be limited to the contents of the Administrative Record and shall be conducted in accordance with the Federal Rules of Civil Procedure." *Id.* The parties agreed "[w]ritten discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by: June 1, 2015." *Id.* On March 12, 2015, the court

entered an order setting various case deadlines and adopting the parties' stipulations regarding the discovery deadline.  **See** Filing No. 16 - Order for Progression of Case ¶ 10.

On June 1, 2015, the plaintiff served the defendants with interrogatories and requests for production of documents.  **See** Filing No. 28-1 - Discovery Requests; Filing No. 25 - Certificate of Service.  The plaintiff's interrogatories generally seek the facts underlying the defendants' affirmative defenses as well as whether the defendants acted as both the claims administrator and payor of the plaintiff's benefits.  *Id.*  The plaintiff's requests for production seek a wide range of documents including:  all documents of communication between the plaintiff and defendants, the personnel file of claim representatives, documents regarding the defendants' bonus structure, information concerning physicians related to the plaintiff's claim, and documents the defendants' employees use to review claims.  *Id.*

After the parties conferred regarding the propriety of the plaintiff's discovery requests, on July 1, 2015, the defendants filed their instant motion seeking a protective order.  **See** Filing No. 26 - Motion.  The defendants argue the discovery requests are untimely, as the requests were served the day of the discovery deadline, and discovery beyond the Administrative Record is prohibited because this is an ERISA matter.  **See** Filing No. 27 - Brief.

In the plaintiff's responsive motion, filed on July 2, 2015, the plaintiff seeks an extension of the discovery deadline to July 6, 2015.  **See** Filing No. 29 - Motion.  The plaintiff states she miscalculated the discovery deadline and argues an extension will not prejudice the defendants considering the deadline to file dispositive briefing is August 28, 2015.  *Id.*; **see also** Filing No. 30 - Response.  The plaintiff contends the sought-after discovery is related to the defendants' potential conflict of interest, which is highly relevant to the disposition of this case.  **See** Filing No. 30 - Response p. 4-5.  The plaintiff concedes Interrogatory Nos. 2 through 6 and Request Nos. 1 and 14 are not related to a conflict of interest inquiry.  *Id.*  The defendants reiterate the discovery requests are untimely and the plaintiff is not entitled to the discovery due to the limits on discovery in ERISA matters.  **See** Filing No. 32 - Response; Filing No. 33 - Reply.

**ANALYSIS**

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court.  **See** Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for *good cause* and with the judge's consent.") (emphasis added); **see also** *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Hartis*, 694 F.3d at 948 (citation omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008).  In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect."  **See** Fed. R. Civ. P. 6(b)(1)(B).

Although acknowledging the necessity of maintaining deadlines set forth in the court's scheduling orders, the court recognizes "[b]road discovery is an important tool for the litigant[.]"  *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011).  Nevertheless, the court has authority to limit the scope of discovery.  **See** *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).  A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause.  **See** Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999).  After showing good cause, the court may forbid disclosure or discovery.  **See** Fed. R. Civ. P. 26(c)(1)(A).

Generally, in an ERISA benefits-denial case, the district court may not consider evidence which is not contained in the administrative record.  **See** *Sloan v. Hartford Life & Acc. Ins. Co.*, 475 F.3d 999, 1004 (8th Cir. 2007).  However, the court may allow limited discovery into a potential conflict of interest where the entity administering the plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket[.]"  **See** *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008);

*Green v. Union Sec. Ins. Co.*, 646 F.3d 1042, 1053 (8th Cir. 2011); *Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773, 774 & n.2 (8th Cir. 2009).

The court finds the plaintiff shall have to opportunity to seek evidence to support the alleged conflict of interest. The plaintiff's failure to send the requests was due to a misinterpretation of the discovery deadline and had the defendants been truly concerned with the timeliness of the discovery requests, the defendants would not have waited nearly a month after receiving the requests to file the instant motion for a protective order. The court however cautions plaintiff's counsel to closely read and abide by agreed upon and court-ordered deadlines. While plaintiff's counsel disagrees with the defendants' citation to cases addressing deadlines regarding the completion of discovery, the court agrees discovery should be served "sufficiently in advance of the deadline[ ] such that the responses are due by the deadline for completion of discovery." See *Bailey v. Komatsu Forklift U.S.A., Inc.*, No. C07-2002, 2008 WL 2674886, at *3 (N.D. Iowa July 7, 2008); see also *B&B Hardware, Inc. v. Fastenal Co.*, No. 4:10CV317, 2011 WL 2115546, at *3 & n.3 (E.D. Ark. May 25, 2011) (same); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 495 (N.D. Ind. 2010) (same). Moreover, the defendants failed to show any undue prejudice as a result of this short extension. Nevertheless, if necessary, the parties may file a motion to extend case deadlines.

To the extent the defendants challenge the relevance or scope of the discovery requests, because the defendants have not responded to the requests and the parties have not had the opportunity to meet and confer on any responses or objections, the court will not address the relevance or scope of the requests. However, in light of the plaintiff's admission Interrogatory Nos. 2-6 and Request Nos. 1 and 14 are not related to a conflict of interest inquiry, the defendants are excused from answering such discovery requests. Upon consideration,

**IT IS ORDERED**:
1. The defendants' Motion for Protective Order (Filing No. 26) is denied.
2. The plaintiff's Motion for Enlargement of Time (Filing No. 29) is granted.

3. The defendants shall have until August 21, 2015, to respond to the plaintiff's discovery requests, as modified in this Order.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 30th day of July, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge