IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHELLE BAUER,

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; and COX ENTERPRISES, INC., WELFARE BENEFITS PLAN,

        Defendants.

Case No. 8:14-cv-00324

**STIPULATED PROTECTIVE ORDER**

The Parties to this action, Plaintiff Michelle Bauer ("Bauer"), and Defendants Aetna Life Insurance Company ("Aetna") and Cox Enterprises, Inc., Welfare Benefits Plan ("Cox") (collectively referred to hereinafter as "Defendants"), by their respective counsel, hereby stipulate and request that the Court enter a mutual Protective Order pursuant to Fed. R. Civ. P. 26 as follows:

    1.    The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

    2.    The Protective Order shall govern all materials deemed to be "Confidential Information." Any party to this action may designate as "Confidential" documents and information such as:

    (a)    Any and all documents referring or relating to confidential and proprietary business information; financial records of the parties; compensation of Defendants' current or former personnel; policies, procedures and/or training materials of Defendants; and/or Defendants' organizational structures;

    (b)    Any and all documents that constitute or contain trade secrets or otherwise constitutes business proprietary and/or confidential material, or

1

other confidential research, development, or commercial information, whether embodied in physical objects, documents, or other factual knowledge of persons, and specifically shall include but not necessarily be limited to, financial data, personal or business information of third parties, consumer surveys, marketing studies, databases of business contacts, databases of business document templates, policies, procedures, rules and regulations, bulletins, memoranda, training materials, and any and all writings reflecting same;

(c) Any and all documents related to third party independent medical reviewers, including but not limited to their compensation, findings, and background information;

(d) Any and all documents, including contractual agreements between Aetna and its clients; and

(e) Any personal and/or protected health information of Plaintiff.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following label or designation on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical, and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially

    employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work, fact research, document preparation, trial, appeal, or settlement of this litigation;

  (d)  Deponents, witnesses, or potential witnesses as deemed necessary by either party's counsel for preparation for their depositions or trial testimony and as necessary during such proceedings;

  (e)  The parties to this litigation, their officers, and professional employees;

  (f)  Persons who appear on the face of the Confidential Information as an author, addressee, or recipient of the Confidential Information;

  (g)  The Court and any of its staff and personnel; and

  (h)  Court reporters.

  6.  Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information" as defined by the terms of the Protective Order.

  Persons to whom Confidential Information is shown or provided shall be provided with a copy of this Order and will sign an acknowledgment form of such receipt and their agreement to abide by this Order as set forth in Exhibit A, attached.  Deponents, witnesses, or potential witnesses may be shown or provided with Confidential Information but must return such Confidential Information to the counsel who provided it, at the final conclusion of this litigation.

  If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within ninety (90) days that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status.  The information shall continue to have Confidential status during the pendency

of any such motion.

7.  No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.  All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose. However, counsel agree that all information produced in this action may be used for the purpose of defending an action against said counsel or responding to a disciplinary complaint against said counsel.

9.  Termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

10.  Upon termination of this action by entry of a final judgment or decision of settlement (whether settlement, summary judgment, trial judgment or decision on appeal), the parties and their counsel shall (a) destroy Confidential Information (which was not filed with the Court) or (b) maintain Confidential Information in the possession, custody, or control of the recipient party's attorneys and withheld from all other persons. That Confidential Information must be maintained in the regular course of business and in accordance with the recipient party's attorneys' document retention policies and practices.

11.  Nothing in this Order shall be construed as an admission as to the

relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

  12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

  13. The parties shall follow the requirements of the local rules for filing documents under seal.

  14. This Court retains discretion to determine the confidentiality status of all exhibits at trial.

  SO ORDERED this __28th__ day of October, 2015.

BY THE COURT:

                s/ Thomas D. Thalken
                United States Magistrate Judge

Submitted by:

| MICHELLE BAUER, Plaintiff. | AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; and COX ENTERPRISES, INC., WELFARE BENEFITS PLAN, Defendants. |
|---|---|
| s/Jennifer L. Turco Meyer<br>Jennifer L. Turco Meyer, #23760<br>Dyer Law PC, LLO<br>10730 Pacific Street<br>Suite 111<br>Omaha, NE 68114<br>Phone: (402) 393-7529<br>Facsimile: (402) 391-2289<br>E-mail: Jennifer@dyerlaw.com<br><br>and<br><br>Raymond R. Aranza, #18523<br>Marks Clare & Richards, LLC<br>11605 Miracle Hills Drive<br>Suite 300<br>Omaha, NE 68154-8005<br>Phone: (402) 492-9800<br>Facsimile: (402) 492-9336<br>E-mail: raranza@mcrlawyers.com | s/Heidi Guttau-Fox<br>Heidi A. Guttau-Fox, #21570<br>Attorney for Defendants<br>Baird Holm LLP<br>1700 Farnam St, Ste. 1500<br>Omaha, NE 68102<br>Phone: (402) 636-8290<br>Facsimile: (402) 344-0588<br>E-mail: hguttau-fox@bairdholm.com |

DOCS/1533946.1